UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. RISKIN, | 1:08-cv-00539 LJO WMW (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO STAY |
| v. | [Doc. #24] |
| M. MARTEL, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial of aggravated sexual assault on a child under the age of fourteen years (Cal. Penal Code § 269(a)); (Count I), and two counts of performing a forcible lewd act on a child under the age of fourteen years (Cal. Penal Code § 288(b)(1)); (Counts III and IV). (Answer at 1-2). On August 6, 2004, Petitioner was sentenced to serve thirty years to life in prison. Id at 2.

Petitioner thereafter appealed his conviction to the California Court of Appeal, Fifth

Appellate District. Petitioner raised the following claims on appeal: (1) Petitioner's Sixth and Fourteenth Amendment rights were violated when the jury was permitted to make factual findings using a standard of proof less than beyond a reasonable doubt; (2) Petitioner's Fifth Amendment right to silence and Sixth Amendment right to counsel were violated when the trial court allowed admissions made by Petitioner during a "pretext" telephone call to be used as impeachment evidence; (3) Petitioner's state and federal constitutional rights to be free from ex post facto legislation were violated when the prosecution was not forced to prove that one of the counts took place after the imposition of California Penal Code § 667.61, (Lodged Doc. 1); and (4) the trial court mistakenly believed that, as a matter of state law, consecutive sentences were mandatory on counts I and III. (Lodged Doc. 2). The appellate court affirmed the lower court on claims (1) and (2) but reversed and remanded with regard to claims (3) and (4). (Lodged Doc. 5).

Petitioner sought review by the California Supreme Court on claims (1) and (2) but the court denied review on January 3, 2007. (Lodged Docs. 6-7).

On April 18, 2008, Petitioner petitioned for a writ of certiorari with the United States Supreme Court alleging counts (1) and (2) from above. (Lodged Doc. 9). On June 16, 2008, the Supreme Court denied the petition. (Lodged Doc. 10).

Meanwhile, Petitioner had filed the instant petition in Federal Court on April 11, 2008. (Doc. #1). Petitioner's Amended Petition for Writ of Habeas Corpus alleged four grounds for relief:[1] (1) The state court erred by allowing the use of coerced, involuntary, and unreliable statements made by Petitioner during a pre-text phone call to be used in court in violation of his Fifth, Sixth, and Fourteenth Amendment rights; (2) The state court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by instructing the jury that it could and must use a standard of proof less than beyond a reasonable doubt in regards to the determination of facts which were required elements to be proved in order to establish that an illegal offense had occurred; (3) The court violated Petitioner's federal constitutional rights by applying laws to his offenses that did not come into effect until after the last of the charged crimes had occurred; and (4) Petitioner was denied effective

---

[1] From this point on, any claim referred to by number will correlate with the same numbered federal claim unless otherwise specified.

assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (Doc. #4).

On September 3, 2008, Respondent filed an Answer to the petition claiming, in part, that claims (3) and (4) had not been fairly presented to the State's highest court. (Doc. #17 at 26-27).

On December 29, 2008, Petitioner filed a motion for stay and abeyance while he exhausted claims (3) and (4) in state court. (Doc. #24). On January 6, 2009, Respondent filed an opposition to the motion claiming that Petitioner did not state good cause for requesting a stay. (Doc. #25). On January 27, 2009, Petitioner filed a reply to Respondent's opposition. (Doc. #26).

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion

of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added); see also Galvan v. Alaska Department of Corrections, 2005 WL 293501 (9th Cir.2005).

The Supreme Court has determined that a district court faced with a mixed petition has discretion to grant a stay to allow the petitioner to present his unexhausted claims to the state court thereby preserving the petitioner's ability to return to federal court for review of his perfected petition. See Rhines v. Weber, 544 U.S. 269, 275-77 (2005); See also Jackson v. Roe, F.3d 654, 660-61 (9th Cir. 2005). However, a district court grant of stay and abeyance is only appropriate when the court determines that the petitioner has shown good cause for his failure to exhaust. Rhines v. Weber, 544 U.S. at 277. Furthermore, even if the petitioner has shown good cause, the stay should not be granted if the district court determines that the unexhausted claims are plainly without merit. Id.

Petitioner alleges that his appointed appellate counsel could not argue the ineffective assistance of counsel claim (claim 4) because she was not authorized to bring a collateral appeal on

his behalf. (Doc. #26 at 9). It is true that California courts have expressed a preference in having ineffective assistance of counsel claims brought in the form of a habeas petition, In re Arturo A., 8 Cal.App.4th 229, 243 (1992), but even if Petitioner's appointed appellate counsel was not authorized to file the habeas petition for him, Petitioner has not shown good cause as to why he did not file the petition himself. Petitioner claims that when he filed the federal petition for writ of habeas corpus he thought he had taken all the necessary steps to have his petition considered by the federal court. (Doc. #26 at 10-11). Petitioner stresses that "any failure" to have properly exhausted the issues in state court was not his fault but the "result of ineffective assistance of appellate counsel." Id. In summary, Petitioner's argument, as this Court understands it, is that Petitioner did not raise a claim of ineffective assistance of trial counsel on appeal because his appellate counsel was *not allowed* to represent him in that matter, yet when he tried to file his federal petition he failed to exhaust the issue in state court because his appellate counsel *did a poor job* at representing him. Petitioner seems to think that, even though he knew appellate counsel was not allowed to help him with his habeas petition, that counsel owed Petitioner some sort of duty to help him file his petition correctly. The lack of assistance of an attorney whom Petitioner knew was legally not permitted to assist him in this matter is not good cause for failure to exhaust.

Moreover, Petitioner had no reason not to take claims (3) and (4) to state court after it became apparent to him through his federal petition that he was required to do so. When he filled out his federal petition, Petitioner admitted that he had not exhausted those claims because they were "subordinate" to the other claims and/or were overlooked due to ineffective assistance of appellate counsel. (Doc. #1 at 6). At the time he filed his federal petition, Petitioner had more than enough time to file a state petition as well[2], but he chose not to do so and this Court does not see how Petitioner's intentional decision not to file a petition in state court can possibly amount to good cause.

Furthermore, even if Petitioner had shown good cause for not exhausting claims (3) and (4)

---

[2] The Antiterrorism and Effective Death Penalty Act set a one year limitation period in which a petitioner can file in federal court beginning on the date petitioner's judgement becomes final. On June 16, 2008 the Supreme Court of the United States denied review of the petition, therefore, Petition had until June 16, 2009 to file his federal petition.

in state court, which he did not, those claims are completely without merit. A full analysis on the merits of all four claims presented in the petition will be included in a Findings and Recommendation to follow shortly.

**CONCLUSION**

Petitioner failed to show good cause as to why he did not exhaust claims (3) and (4) in state court; accordingly, Petitioner's motion to stay is hereby DENIED.

IT IS SO ORDERED.

**Dated:** **May 18, 2009** /s/ William M. Wunderlich
UNITED STATES MAGISTRATE JUDGE